■ TILBRO HOME BUILDERS, INC., Respondent, v. LEOPOLDINE LEIDEL, Appellant.— In an action to declare that defendant's property is maintained at a level higher than the legal grade and to compel her to construct a retaining wall, defendant appeals, as limited by her brief, (1) from so much of an order and judgment (one paper) of the Supreme Court, Queens County, dated June 6, 1972, as granted plaintiff's motion for summary judgment, made a declaration in favor of plaintiff and ordered defendant to construct a retaining wall and (2) from so much of an order of the same court, dated September 28, 1972, as (a) modified the above-mentioned order and judgment by permitting defendant to grade her property down to the legal grade, in lieu of constructing a retaining wall, and (b) conditionally determined plaintiff's motion to punish defendant for contempt and defendant's motion (i) to vacate her default on plaintiff's said motion to punish and (ii) to modify said order and judgment. Order and judgment dated June 6, 1972 reversed insofar as appealed from, on the law, and it is declared that defendant's premises are maintained at a level higher than the legal grade, but the Administrative Code of the City of New York (§ C26–1903.1, subd. [a], par. [2]) does not require that she construct a retaining wall at her sole expense. Order dated September 28, 1972 reversed insofar as appealed from, on the law, defendant's motion granted absolutely insofar as it was to vacate her default and her motion insofar as it was to modify the order and judgment and plaintiff's motion denied as academic. Appellant is awarded one bill of $20 costs and disbursements to cover both appeals. Plaintiff, a builder of attached two-family homes, assembled land abutting 75th Street, in Middle Village, Queens, New York City, to the north and south of defendant's property. Defendant has resided on 75th Street for a considerable period of time. Both plaintiff's and defendant's parcels slope upward away from the curb abutting 75th Street so that the back portion of each parcel is approximately 10 feet higher than the curb level. After unsuccessfully attempting to purchase defendant's property, plaintiff excavated its parcel abutting the south side of defendant's property. In a manner consistent with construction of two-family homes, plaintiff leveled its land down to curb level, thus removing the natural slope. Consequently, plaintiff now maintains its property at a lower level than defendant's property, requiring a $25,000 retaining wall to support defendant's land. Plaintiff commenced this action pursuant to section C26–1903.1 (subd. [a], par. [2]) of the Administrative Code of the City of New York to compel defendant to construct a retaining wall on her property, solely at her own expense. This section provides, in pertinent part: " Where any owner shall insist on maintaining his ground either higher or lower than the legal regulation * * * the surplus retaining structure that may be necessary to support such height or provide for such excava-

tion shall be made and maintained at the sole expense of such owner". It is conceded that the natural slope of the land makes the rear of defendant's property higher than the legal curb level regulation for 75th Street. The issue presented is whether the above-mentioned provision of the Administrative Code requires defendant to construct a retaining wall on her land and at her expense. We hold that that provision of the Administrative Code is inapplicable to the facts of this case and that the common-law rule of lateral support governs the rights of the parties. Under the common-law rule of lateral support, a "landowner is absolutely entitled to the lateral support of his soil in its natural state by the soil of the adjoining lands. If an adjoining owner by excavation removes such support, causing the land to fall, he is responsible in damages" (*Wolcott* v. *State of New York,* 199 Misc. 229, 233; see *Radcliff's Executors* v. *Mayor of Brooklyn,* 4 N. Y. 195; *Riley* v. *Continuous Rail Joint Co.,* 110 App. Div. 787, affd. 193 N. Y. 643). In the absence of a legislative enactment clearly intended to effectuate a change in the common law, that rule governs (see *Levine* v. *Levine,* 48 Misc 2d 15, affd. 50 Misc 2d 39; *Bose* v. *United Employment Agencies,* 200 Misc. 176; McKinney's Cons. Laws of N. Y. Book 1, Statutes, § 301, subd. b). It is a well-established rule of construction that the rules of the common law are to be no further abrogated than the clear import of the language used in a statute absolutely requires. Where possible, a statute should be read in conjunction with, rather than in derogation of, common law (see *Transit Comm.* v. *Long Is. R. R. Co.,* 253 N. Y. 345, 354–355; *Bertles* v. *Nunan,* 92 N. Y. 152, 158). In our judgment no clear legislative intent to abrogate the common-law rule of lateral support appears in the Administrative Code (§ C26–1903.1, subd. [a], par. [2]). Furthermore, we are of the opinion that regulation of retaining walls as contained in the Administrative Code can and should be read in conjunction with the common-law rule of lateral support. Article 19 of the Administrative Code (§ C26–1900.1 to § C26–1912.1, inclusive), which, among other things, contains regulations on retaining walls, is part of the New York City Building Code. The major thrust of this article is directed toward those landowners who actively engage in construction and excavation operations rather than those who passively maintain the *status quo* (see Administrative Code, §§ C26–1900.1, C26–1903.1). Accordingly, we hold that the phrase "Where any owner shall *insist* on maintaining his ground either higher or lower than the legal regulation" (Administrative Code, § C26–1903.1, subd. [a], par. [2] [emphasis added]) applies only to landowners who actively excavate or fill in their property. It has no application to landowners, like defendant, who do nothing to create the necessity for a retaining wall. In her passive preservation of the *status quo,* defendant did not insist on maintaining her land at a level higher than the legal regulation within the meaning of the Administrative Code (§ C26–1903.1, subd. [a], par. [2]). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.