Jones, J.
This appeal raises questions as to whether and to what extent the common-law rules with respect to obligations of lateral support between adjoining landowners have been modified by provisions of the Administrative Code of the City of New York. Section C26-1903.1 (subd. [a], par. [2]) of that code provides: ‘ ‘ Where any owner shall insist on maintaining his ground either higher or lower than the legal regulation* * * * the surplus retaining structure that may be necessary to support such height or to provide for such excavation shall be made and maintained at the sole expense of such owner ”.
In this case plaintiff assembled parcels of land facing on the east side of 75th Street in Middle Village, Queens, on which it intended to construct two-family residences. The land was unimproved at the time of such acquisition and consisted of two tracts of land, a small one to the north, the other to the south, separated by the lot owned by defendant. Defendant’s premises, on which it appears that she has maintained her home for some time, has a 108-foot frontage on 75th Street and extends back to a depth of over 50 feet.
The natural slope of the land on the east side of 75th Street was upward away from the curb line to a height of some 10 feet above curb level at the rear of the lots facing on the street. Defendant’s property had been improved without disturbing this natural upward slope.
Having been unsuccessful in its attempts to purchase defendant’s property, thereby to complete its ownership of property on the east side of 75th Street, plaintiff proceeded to excavate its property adjoining defendant’s lot to the south to bring it down to curb level to the entire depth of the property. This left defendant’s land elevated in a sort of vertical promontory to a maximum height of 10 feet at the rear. Plaintiff then called on defendant to erect a retaining wall to support her higher property and to protect plaintiff’s lower property, citing the Administrative Code provision as the basis for its claim. Plaintiff alleges that the cost of construction of such a retaining wall would be $25,000.
*350 Special Term granted plaintiff’s motion for summary judgment. The Appellate Division reversed, holding that the Administrative Code provision was inapplicable. We now reverse and remit the case for trial.
In our view, whether the apparently burdensome provisions of the quoted section of the Administrative Code are to be interpreted to apply to this fact situation, and whether, if so interpreted, they may permissibly be so applied must await the disclosure of the relevant facts. It does not appear in the record now before us, for instance, whether plaintiff builder could have improved his land adjoining defendant’s on the south without recourse to the excavating-leveling procedures he chose to employ. Nor are the facts clear as to whether a retaining wall is required by the physical condition of the properties. The record does not disclose where defendant’s house is located on her 108-foot lot; perhaps an open side-yard would permit decline grading to meet the requirements for accommodation of the split-levels of the adjoining lots. Further, although references were made thereto in the course of oral argument, the record does not disclose the extent of plaintiff’s offers to bear or to share in the cost of appropriate grading or of retaining wall construction between the two properties. If eventually held applicable, as now contended by plaintiff, the provisions of the Administrative Code would' impose what appears to be at least a disproportionately heavy economic burden of compliance.
Since the rights and obligations of the parties in this circumstance cannot be determined on the record now before us, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, Queens County, for trial.
Chief Judge Bbeitel and Judges Jasen," Gabbielli, Wachtleb, Babin and Stevens concur.
Order reversed, with costs in all courts to defendant-respondent, and ease remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.

 The record does not disclose the precise definition of the term, “ the legal regulation Argument in this court and so far as appears consideration of the case below, however, has proceeded on the assumption that the reference is to approved level at the curb line.