Moses M. Weinstein, J.
This is an application by the City of New York to remove, make safe and secure a certain retaining wall. A hearing was held before this court on February 18, 1976. A construction inspector with the Department of Buildings and an inspector employed by the City of New York to inspect and examine unsafe structures testified for the city. The testimony was to the effect that the first 40 feet of the 100-foot retaining wall in question was out of plumb, and that that portion of the wall must be removed and a new wall constructed. The owners of the properties, commonly known as 34-51 89th Street (hereinafter property 51) and 34-59 89th Street (hereinafter property 59) both conceded the unsafe condition of that portion of the wall. Thus, based on the testimony of the witnesses, the court finds that the first 40 feet of the retaining wall in question is unsafe.
*363 The question is then raised as to which property owner must bear the expense of removing that portion of the wall found to be unsafe and constructing a new wall. On property 51 the natural slope of the land was upward from the curb line to a height of approximately 3½ feet above the legal curb level. Part of the two-family dwelling situated on the property rests on that elevation. There is no elevation at all on the adjoining property 59, as the property for the first 40 feet from the building line is at curb level and then continues to a ramp built at a depth that goes about 7 feet below the legal grade. This accounts for the necessity of a retaining wall in the area in question.
The owner of property 59 contends that pursuant to subdivision c of section C26-74.0 of the Administrative Code of the City of New York, it is the owner of property 51 who should bear the expense of removing the damaged portion of the wall and constructing a new wall in its place. Both subdivision c of section C26-74.0 and paragraph (2) of subdivision (a) of section C26-1903.1 of the Administrative Code essentially provide that where any owner shall insist on maintaining his ground either higher or lower than the legal regulation, the surplus retaining wall which may be necessary to support such height or provide for such excavation, shall be made and maintained at the sole expense of such owner. Thus, it is argued, that since the owner of property 51 maintains his ground higher than the legal curb level, the surplus wall should be repaired at his expense.
The owner of property 51 contends that the owner of property 59 should bear the expense of the repairs on the wall under the common-law rule of lateral support. Under that rule a "landowner is absolutely entitled to the lateral support of his soil in its natural state by the soil of the adjoining land. If an adjoining owner by excavation removes such support, causing the land to fall, he is responsible in damages” (Wolcott v State of New York, 199 Misc 229, 233). The owner of property 51 thus argues that since his house was built on the already existing elevation, it was the excavation by the owner of property 59 that created the situation necessitating, in the first instance, the building and maintenance of the retaining wall.
The issue is thus raised as to what extent the common-law rules with respect to the obligation of lateral support between adjoining landowners have been modified by the provisions of *364 subdivision c of section C26-74.0 and paragraph (2) of subdivision (a) of section C26-1903.1 of the Code.
The Appellate Division, Second Department, in Tilboro Home Builders v Leidel (42 AD2d 578) held that section C261903.1 of the Code only applies to those who actively excavate or fill in their property, rather than those who passively maintain the status quo and do nothing to create the necessity for a retaining wall. The Court of Appeals in the Tilbro case (35 NY2d 347) reversed the decision of the Appellate Division to the extent that it held that whether the Administrative Code may be so permissibly applied must await the disclosure of relevant facts. The court did, however, state (p 350) that if said provision was held applicable, as in the instant case is contended by the owners of property 59, the provision would impose what would appear to be "at least a disproportionately heavy economic burden of compliance”.
In light of certain facts of this case, to wit, that property owner 51 did not actively fill in his property and that property owner 59 excavated the 40-foot area in question only down to the legal curb level, the court finds that neither property owner should bear the full expense of removing the damaged portion of the wall and constructing a new wall. The expense should be borne equally by the owners of both properties.
Accordingly, a precept is issued to the Superintendent of Buildings to remove and replace that portion of the retaining wall found to be in an unsafe condition. Enforcement of the precept is stayed for 60 days from the date of entry of judgment herein during which time the owners of the respective properties 51 and 59 shall file with the court and with the office of the Corporation Counsel of the City of New York proof that they have employed a contractor approved by the Department of Buildings; that they have filed plans and have obtained any necessary permits for the demolition and repair of the portion of the wall declared unsafe; and, further, that such work has been commenced. In the event that such proof is not filed as herein directed within the 60-day period, the precept shall issue without further notice.